J6/6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARK FILIP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2032 | **DATE** | 4/15/04 |
| **CASE TITLE** | Ronnie Jamison (2003-0059839) v. Sherriff Michael F. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for leave to proceed *in forma pauperis* is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $8.22 from plaintiff's account for payment to the clerk of court as an initial partial filing fee and to make further deductions from plaintiff's account and payments to the clerk of court as stated in the attached Memorandum Opinion and Order. A copy of this order shall be sent to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. This suit qualifies as an allotted dismissal under 28 U.S.C. § 1915(g) as it has been dismissed because it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

(11) ■ [For further detail see attached Memorandum Opinion and Order.]   *Mark Filip*

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR 1 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 5 |
| X | Mail AO 450 form. | | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CLII | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONNIE JAMISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 CV 2032 |
| ) | |
| Sherriff Michael F. Sheahan, Director Callie Baird, ) | Hon. Mark Filip |
| Supt. James Mcguire, officer Rodriguez ) | |
| ) | |
| Defendants. ) | |

DOCKETED
APR 1 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ronnie Jamison, has sued pursuant to 42 U.S.C. § 1983 in connection with an alleged prisoner-on-prisoner assault that he suffered while he was in the custody of the Cook County Department of Corrections. Plaintiff also has moved for leave to proceed *in forma pauperis*. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Plaintiff's suit is dismissed for failure to state a claim upon which relief may be granted.

I. Plaintiff's Motion To Proceed *In Forma Pauperis* Is Granted

Plaintiff, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. The court finds that Plaintiff is unable to prepay the filing fee. The court grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $8.22 pursuant to 28 U.S.C. § 1915(b)(1). The trust officer at Plaintiff's current place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is held is directed to collect

monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10.00 until the full $150.00 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, Attention: Fiscal Department, and shall clearly identify Plaintiff's name and the case number assigned to this action. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Department of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608.

II.     <u>Plaintiff's Section 1983 Complaint Is Dismissed For Failure To State A Claim</u>

Plaintiff's complaint is dismissed as against all Defendants for failure to state a claim upon which relief can be granted. In addition, Plaintiff's claims against Defendants "Sherriff [sic] Michael F. Sheahan," "Director Callie Baird," and "Supt. James Mcguire" are dismissed for the alternative and independent reason that Plaintiff has not sufficiently alleged that these supervisory personnel could be liable in their respective individual capacities under § 1983.

    A.    Plaintiff Has Failed To Allege A Cognizable Constitutional Violation In This Case By Defendants In Connection With Plaintiff's Attack By Another Prisoner

        1.    Factual Background As Alleged

On November 22, 2003, Plaintiff was standing at the door of his cell singing through the upper facial opening. One of his cellmates struck him twice in the back of his head, knocking

-2-

him unconscious. When Plaintiff regained consciousness, the detainee who had struck him was standing over him yelling obscenities and threatening more harm.

Plaintiff asked his cellmates to get the assigned officer but they refused. Plaintiff began to yell for Officer Rodriguez but his cellmates threatened Plaintiff and told him to be quiet. After seeing that Plaintiff had lost a lot of blood, the cellmates began to call for Officer Rodriguez, who arrived five minutes later.

Plaintiff told Rodriguez that he needed a paramedic but Officer Rodriguez insisted that Plaintiff walk to the control tower. Plaintiff fainted. When Plaintiff regained consciousness, he repeatedly told Rodriguez that he was dizzy, but Rodriguez did not call for a paramedic and instead told Plaintiff to walk to the elevator. Plaintiff fainted again and regained consciousness on a motor cart arriving in the emergency unit. Plaintiff was treated for a concussion and deep lacerations to his eyelid, eyebrow, and cheek.

On his return to the jail, Plaintiff was placed in a holding cell. When he yelled for assistance because of headaches and dizziness, an unknown person responded, "You'll be alright, shut up." Plaintiff was transferred to the medical deck and given pain medication.

Plaintiff alleges that supervisory personnel were negligent in failing to ensure his safety and that Officer Rodriguez did not follow protocol in seeking medical attention for him. He seeks money damages.

2. Analysis

Because Plaintiff was a pretrial detainee at the time of the events in question, "his § 1983 claim is analyzed under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause." *Butera v. Cottey*, 285 F.3d 601,

605 (7th Cir. 2002). However, that distinction is without a difference for this type of claim because precedent teaches that "§ 1983 claims brought under the Fourteenth Amendment are to be analyzed under the Eighth Amendment test." *Henderson v. Sheahan*, 196 F.3d 839, 844 n.2 (7th Cir. 1999); *see also Butera*, 285 F.3d at 605 n.2.

"'[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)); *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996). Failure to provide such protection, however, violates the Eighth Amendment's prohibition of cruel and unusual punishment only if "deliberate indifference by prison officials [to the prisoner's welfare] effectively condones the attack by allowing it to happen[.]" *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Thus, to sustain an Eighth Amendment claim, an inmate must establish that the defendants had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991). "It is not enough that a reasonable prison official would or should have known that the prisoner was at risk: the official must actually know of and disregard the risk to incur culpability." *Lewis*, 107 F.3d at 553 (citing *Farmer*, 511 U.S. at 837-38).

In a failure-to-protect case such as this, the plaintiff must plead facts tending to show that jail official(s) were aware of a specific, impending, and substantial threat to his safety. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996); *McGill*, 944 F.2d at 348. There is no indication or allegation in this complaint that any official at Cook County Jail was on notice that Plaintiff was in danger of being attacked by his cellmate. Although it was not ideal that it took Officer

-4-

Rodriguez five minutes to get to the cell and that Officer Rodriguez chose to have Plaintiff walk instead of calling a paramedic, "[m]ere negligence or even gross negligence does not constitute deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Accordingly, Plaintiff's attack at the hands of a fellow cellmate cannot be the basis of § 1983 liability as against the Defendants on the facts alleged.

  B. Plaintiff Has Not Alleged That The Three Supervisory Defendants Could Be Liable In Their Respective Individual Capacities Under Section 1983

Plaintiff seeks to hold Michael F. Sheahan, Sheriff of Cook County; Callie Baird, Director of the Cook County Department of Corrections; and James McGuire, alleged to be "Superintendent of Division 9, Cook County Department of Corrections" liable under § 1983. Plaintiff alleges that these three supervisory defendants were negligent in carrying out their duty to protect him from harm from other inmates.

Supervisory personnel, however, cannot be held liable in their respective individual capacities under § 1983 unless they caused or participated in the alleged constitutional deprivation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Supervisors and others in authority also cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of *respondeat superior* because that doctrine does not apply in § 1983 actions. *See, e.g., Sanville v. McCaughty*, 266 F.3d 724, 740 (7th Cir. 2001); *Pacelli v. DeVito*, 972 F.2d 871, 878 (7th Cir. 1992). There is no indication or allegation in Plaintiff's complaint that any of the supervisory personnel knew and effectively consented to (or were even aware of) any potential

harm that might befall Plaintiff— much less that they caused or participated in it. *See, e.g., Gentry*, 65 F.3d at 561.

Plaintiff's assertion that the supervisory personnel were negligent in enforcing the guidelines and regulations of the Cook County Department of Corrections also appears to be an attempt on Plaintiff's part to hold the supervisory personnel liable in their respective official capacities. An official capacity claim is, in essence, a claim against the governmental entity that employs the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Chortek v. Milwaukee*, 356 F.3d 740, 748 n.4 (7th Cir. 2004). A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Chortek*, 356 F.3d at 748.

The Seventh Circuit has determined that a municipality can be said to have violated the rights of a person because of its policy when a widespread practice, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (internal quotation marks and citation omitted). Plaintiff has not alleged that the Cook County Department of Corrections has any express policy that caused or contributed to the assault from his cellmate; nor has Plaintiff alleged any widespread practice so permanent or well settled as to constitute a custom or usage with force of law that caused or condoned the inmate-on-inmate attack. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999) (collecting cases). Plaintiff himself states that the supervisory personnel were negligent in following the regulations and guidelines of the Cook County Department of Corrections. Such a

statement indicates that the Jail had a policy to protect inmates—but that in Plaintiff's particular case, the policy was not enforced because of alleged negligence, not because of any permanent or widespread practice that has effectively become a custom or usage with force of law. *See also Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995) (teaching that a single act of misconduct will not suffice to show the requisite policy or custom).

In the instant case, Plaintiff has not alleged that some policy existed by which jail officials failed to protect inmates from harm from other inmates. Rather, he contends that supervisory personnel were negligent in enforcing the regulations and guidelines of the jail in this particular instance as things affected him. Although it is unfortunate that Plaintiff suffered serious injuries at the hands of another inmate, there is nothing in this complaint that indicates that it is a widespread practice on the part of jail officials to allow, encourage, or acquiesce in prisoners' brutalizing of other prisoners.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4). If he does so, he will be liable for the $255 appellate filing fee. Unless Plaintiff is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If this court finds that the appeal is not taken in good faith, and the Court of Appeals agrees, Plaintiff will not be permitted to proceed *in forma pauperis* and pay the fee in installments, but instead he will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3). To avoid a finding that the appeal is not taken in good faith, a motion to proceed *in forma pauperis* on appeal should explain the grounds for the appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999).

So Ordered.

---
Mark Filip
United States District Judge
Northern District of Illinois

DATED: **APR 1 6 2004**